UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**DAYCIA SCOTTON,**
   Plaintiffs,

vs.

**DIVERSIFIED COLLECTION SERVICES, INC.; and DOES 1 through 10, inclusive,**
   Defendant.

**Civil Action No.:**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

*I.  INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Daycia Scotton, an individual consumer, against Defendant, Diversified Collection Services, Inc., for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

*II. JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§

1

2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

### III.   PARTIES

3. Plaintiff, Daycia Scotton, is a natural person with a permanent residence in, Willingboro, Burlington County, New Jersey 08046.

4. Upon information and belief the Defendant, Diversified Collection Services, Inc., (hereinafter "Defendant") is a business entity engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, Alameda County, California 94551.The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV.   FACTUAL ALLEGATIONS

6. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the

money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contact Plaintiff and threatened to garnish Plaintiff's wages.

8. Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

9. Defendant is a debt collection company and as a debt collection company attempting to collection an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in garnishment.

10. The representations made to Plaintiff by Defendant regarding garnishment were false.

11. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contact Plaintiff and threatened to garnish Plaintiff's grandmother's wages.

12. Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

13. Defendant is a debt collection company and as a debt collection company attempting to collection an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in garnishment.

14. The representations made to Plaintiff by Defendant regarding garnishment were false.

15. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contact Plaintiff and threatened to take legal action against Plaintiff.

16. Defendant has no standing to commence legal proceedings on behalf of the creditor.

17. Defendant is a debt collection company and as a debt collection company attempting to collection an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings.

18. The representations made to Plaintiff by Defendant regarding legal proceedings were false.

19. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, Defendant failed

to send the required written communication to Plaintiff within the required time period.

20. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiffs for their non-payment of the debt they allegedly owed.

21. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiffs.

22. The natural consequences of Defendant's statements and actions were to cause Plaintiffs mental distress.

23. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

## V. CLAIM FOR RELIEF

24. Plaintiff repeat and realleges and incorporates by reference to the foregoing paragraphs.

25. Defendant violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

   (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass,

oppress, or abuse any person in connection with the collection of an alleged debt; and

(b) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and

(c) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number; and

(d) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(e) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

(f) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(g) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(h) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(i) Defendant violated *§1692g(a)(1)* of the FDCPA by failing to notify the Plaintiff within five days of the initial communication a written communication that including the amount of the alleged debt that the Defendant is attempting to collect; and

(j) Defendant violated *§1692g(a)(2)* of the FDCPA by failing to notify the Plaintiff within five days of the initial communication a written communication that including the name of the creditor to whom the alleged debt is owed that the Defendant is attempting to collect; and

(k) Defendant violated *§1692g(a)(3)* of the FDCPA by failing to notify the Plaintiff within five days of the initial communication a written communication that including a statement that unless the Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendant; and

(l) Defendant violated *§1692g(a)(4)* of the FDCPA by failing to notify the Plaintiff within five days of the initial communication a written communication that including a statement that if the Plaintiff notifies the Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendant will obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to the Plaintiff by the Defendant; and

(m) Defendant violated *§1692g(a)(5)* of the FDCPA by failing to notify the Plaintiff within five days of the initial communication a written communication that including a statement that, upon the Plaintiff's written request within the

      thirty-day period, the Defendant will provide the Plaintiff with the name and address of the original creditor, if different from the current creditor; and

   (n) Defendant violated *§1692g(b)* of the FDCPA by overshadowing or being inconsistent with the disclosure of the consumer's rights to dispute the debt or request the name and address of the original creditor.

26. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

27. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiffs, Daycia Scotton, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiffs respectfully requests that judgment be entered against Defendant, Diversified Collection Services, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages.

D. Costs and reasonable attorney fees.

E.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F.  For such other and further relief as the Court may deem just and proper.

## VI.    DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Daycia Scotton, demands trial by jury in this action.

Dated: February 20, 2013

RESPECTFULLY SUBMITTED,

By: /s/Michael Peter Doelfs
Michael Peter Doelfs, MD2509
Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, CA 91436
Phone: (818) 907-2030
Fax: (818) 205-2730
michaeldoelfs@hotmail.com
*Attorney for Plaintiff,*
*Daycia Scotton*